UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**VICTOR M. RODRIGUEZ-PUENTE**,　　　　　　Case No. 3:14-cv-01939-KI

　　　　　　Petitioner,　　　　　　　　　　　　OPINION AND ORDER

　　v.

**MARION FEATHER, Warden,**

　　　　　　Respondent.

　　　Victor M. Rodriguez-Puente
　　　Register No.: 44647-079
　　　F.C.I. Sheridan
　　　P.O. Box 5000
　　　Sheridan, OR 97378

　　　　　　Petitioner

　　　Billy Williams
　　　Acting United States Attorney
　　　District of Oregon

Page 1 - OPINION AND ORDER

Natalie Wight
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

KING, Judge:

On or about December 5, 2014, petitioner filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner contends he was denied due process at a disciplinary hearing held on January 4, 2013, at Big Spring Correctional Center ("BSCC"), a contracted correctional institution operated by a private corporation. For the reasons set forth below, the petition is dismissed as moot.

## BACKGROUND

While incarcerated at BSCC, petitioner was charged with Possession of a Hazardous Tool (a cell phone). On December 17, 2012, during a fire drill at 10:00 in the morning, Officer K. Horapfe[1] found a cell phone under the mattress of petitioner's bunk. When Officer Horapfe asked petitioner about the cell phone, petitioner admitted it was his. He said he had possessed the phone for 12 days. The investigating officer, BSCC staff member L. Vasquez[2], interviewed petitioner; petitioner reported he had purchased the cell phone for $200 worth of commissary

---

[1] The BSCC Disciplinary Hearings Officer ("DHO") refers to the officer as "K. Holzapfel," but both the petitioner and the Bureau of Prisons' ("BOP") DHO in his rehearing report refer to the officer as "K. Horapfe."

[2] The BSCC DHO does not name the investigating officer, but the BOP DHO identifies him in his rehearing report.

Page 2 - OPINION AND ORDER

while out on the compound 12 days before.  Petitioner confirmed he had left the cell phone under his mattress.  When the Unit Discipline Committee ("UDC") asked petitioner about the incident, petitioner stated the report was true and he did not have anything to add.  On January 4, 2013, when the BSCC Discipline Hearings Officer ("DHO") asked petitioner about the report, petitioner admitted the charges and said the report was true and correct, he took ownership of the cell phone, and he reported another inmate no longer at the institution had given it to him.  The BSCC DHO considered these statements, along with a photograph of the confiscated cell phone, and imposed the following discipline:  41 days' loss of good time, 2 months' disciplinary segregation, 18 months' loss of commissary privileges, 18 months' loss of visitation, 18 months' loss of phone privileges, and a fine of $271.86.

Petitioner filed this habeas petition on December 5, 2014.  Along with its response to the petition, respondent provided a disciplinary rehearing report from a Bureau of Prisons' ("BOP") DHO, D. Cortez, dated January 9, 2015.  In that report, Cortez reported he had held a hearing on January 8, 2015 about the 2012 cell phone incident.  In that hearing, petitioner newly denied the incident had occurred.  Petitioner explained,

> At the time I was afraid because I had seen what happens to other inmates when the[y] say things aren't theirs and then get sent back to the compound.  There is no security there, so they end up getting beaten up because they get called a snitch.  I was at the table drawing when the alarm went off and they took everyone out of the unit.  Later they came and told me they found a cell phone under my bed and asked me if it was mine.  I said it was mine because I was afraid.  It is a common area.  Anybody could have come by and put that in there.

Cortez Decl. Att. 3, at 1.  Petitioner named two witnesses he wished to call, Jorge Lopez and Oscar Rodriguez, but Cortez could not locate the individuals without more detailed information. Cortez concluded, based on the incident report of BSCC staff member K. Horapfe, the

Page 3 - OPINION AND ORDER

photograph of the cell phone, and petitioner's statements to the investigating officer and to the UDC, that petitioner had committed the prohibited act of Possession of a Hazardous Tool (cell phone).

## DISCUSSION

In this habeas petition, petitioner challenges the authority of a hearings officer employed at BSCC, who was not a BOP employee, to sanction him with a loss of 41 days of good-time. He relies on an unpublished Ninth Circuit decision, which held that under the applicable BOP regulations at the time, disciplinary action could only be taken by BOP staff and not by private contractors. Arredondo-Virula v. Adler, 510 F. App'x 581 (9th Cir. 2013). In that unpublished case, the Ninth Circuit held a private contractor was not "institution staff" and was not authorized by regulation to discipline the petitioner.

Respondent urges dismissal of the petition as moot because BOP DHO Cortez undertook a rehearing of the alleged disciplinary infraction on January 8, 2015. It argues the original decision is now superseded by the BOP's decision, rendering this action moot. I agree.

This court's Article III jurisdiction extends only to actual cases or controversies. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A habeas petition becomes moot when a petitioner's claim for relief can no longer be redressed by a favorable decision of the court. Id.; Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burnett v. Lampert, 432 F.3d 996, 999-1000 (9th Cir. 2005).

In the instant proceeding, petitioner challenges the legality of the January 4, 2013 hearing conducted at BSCC, not the subsequent January 8, 2015 hearing. Because the findings and sanctions from the January 4, 2013 hearing have been superseded by the January 8, 2015

Page 4 - OPINION AND ORDER

rehearing decision rendered by a BOP certified DHO, there is no relief that can be provided by a favorable decision. Accordingly, this action is moot. See, e.g. Bolanos-Renteria v. Benov, No. 1:14-cv-00488-AWI-SKO-HC, 2014 WL 5817532 (E.D. Cal. Nov. 7, 2014); Arancibia v. Benov, No. 1:14-cv-00535-AWI-BAM-HC, 2014 WL 4986697 (E.D. Cal. Oct. 6, 2014); Palacios v. Benov, No. 1:13-cv-01531-LJO-BAM-HC, 2014 WL 2574787 (E. D. Cal. June 9, 2014); Gonzalez v. Benov, No. 1:13-cv-01989-AWI-BAM-HC, 2014 WL 2524207 (E.D. Cal. June 4, 2014).

Petitioner replies that the rehearing did not comply with BOP's regulations because Cortez relied on information provided by a non-BOP staff person, contrary to 28 C.F.R. § 541.5. Additionally, setting aside the issue of who imposed the discipline, the initial incident was improperly investigated by a non-BOP staff person contrary to 28 C.F.R. § 541.5. Finally, petitioner objects to delay in obtaining the re-hearing–over two years from the initial incident.

Petitioner may not challenge his rehearing in this proceeding. He may challenge the legality of the January 2015 hearing in a separate habeas corpus proceeding, after he has exhausted his administrative remedies. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners must exhaust administrative remedies before bringing a habeas petition).

As for petitioner's argument that the underlying investigation should have been conducted by a BOP staff person, a claim he makes in his habeas petition, 28 C.F.R. § 541.5 does indicate "*staff*" must witness or suspect a violation and issue an incident report, and a "Bureau *staff* member will investigate" the incident. However, petitioner has made no showing that participation by non-BOP staff in the early stages of the disciplinary process somehow tainted

Page 5 - OPINION AND ORDER

DHO Cortez's January 9, 2015 decision.  See Bostic v. Carlson, 84 F.2d 1267, 1270 (9th Cir. 1989) (not necessarily due process violation if failure to follow guideline was not prejudicial).

Indeed, petitioner has made no showing that he was denied any procedural due process protections.  Federal due process requires that a prisoner receive:  (1) advance written notice of at least 24 hours of a disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 53-67 (1974).  Petitioner does not contend any of these requirements went unsatisfied.

Further, consistent with due process, DHO Cortez's decision is supported by "some evidence" in the record.  See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (to revoke good time credits, due process requires "some evidence"); Velasquez v. Benov, 518 F. App'x 555, at *1 (9th Cir. May 17, 2013) (violation of 28 C.F.R. § 541.2 was harmless because "some evidence" supported DHO's decision).  DHO Cortez properly relied on a photograph of the cell phone, as well as petitioner's own statements regarding ownership of the cell phone.  Petitioner's repeated admissions from the beginning undercut his assertion that the participation of non-BOP staff in the investigation caused procedural or substantive due process violations.

Finally, with regard to the delay presented by the rehearing, petitioner has not demonstrated bad faith or prejudice from the delay.  Bostic, 884 F.2d at 1270 (petitioner must establish prejudice from the delay); Poynor v. U. S. Parole Comm'n., 878 F.2d 275, 276-77 (9th Cir. 1989) (failure to hold dispositional review of parole detainer within time limits of statute not grounds for habeas relief absent prejudice or bad faith).  Since petitioner has not demonstrated

that he could not defend himself against the charge at the January 8, 2015 rehearing, he has not shown respondent violated his due process rights.

In sum, petitioner has failed to identify any factual or legal reason precluding a finding of mootness.

## CONCLUSION

Based on the foregoing, this proceeding is dismissed, without prejudice, as moot.

IT IS SO ORDERED.

DATED this ____4th____ day of June, 2015.

      /s/ Garr M. King
      Garr M. King
      United States District Judge

Page 7 - OPINION AND ORDER